IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNAE MCREYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO.  08-cv-3041 |
| | )   Honorable Judge Aspen |
| GRAYMILLS CORPORATION, | )   Magistrate Judge Ashman |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO COMPLAINT OF EMPLOYMENT DISCRIMINATION

Defendant, Graymills Corporation, through its attorneys, McGuireWoods LLP, for its response to the Plaintiff's Complaint, states as follows:

1. Plaintiff is an individual residing in Chicago, Cook County, Illinois.

**ANSWER:  Defendant states that its personnel records reflect that Plaintiff is a resident of Chicago, Cook County, Illinois.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 1.**

2. Defendant is a corporation doing business at 3705 N. Lincoln Avenue, Chicago, Cook County, Illinois.

**ANSWER:  Defendant admits the allegations contained in Paragraph 2.**

3. Plaintiff was employed by Defendant from April 4, 2006 until Plaintiff was fired by Defendant on November 10, 2006.

**ANSWER:  Defendant admits the allegations contained in Paragraph 3.**

4. Plaintiff filed her Charge of Discrimination with the EEOC on March 20, 2007 and her attorney received the EEOC's Right To Sue Letter on February 27, 2008.

**ANSWER: Defendant admits that Plaintiff filed a Charge of Discrimination (the "Charge") with the EEOC and that the Charge bears the date stamp "MAR 20, 2007."**

**Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 4.**

5. This Complaint is filed within 90 days of Plaintiff's attorney's receipt of the Right To Sue Letter.

**ANSWER: On information and belief, Defendant admits that Plaintiff's Complaint was filed on May 25, 2008 and that the Equal Employment Opportunity Commission issued its Notice of Right to Sue to Plaintiff on February 25, 2008.  Defendant admits that May 25, 2008 is within 90 days from February 25, 2008.  Except as specifically admitted, Defendant denies each and every allegation contained in Paragraph 5.**

6. This Court has jurisdiction of this case via 42 USC § 1981, 1988 2000e *et seq.*, 28 USC § 1331 and disability per 42 USC § 12101 *et seq.*

**ANSWER: Defendant admits that this Court has jurisdiction over the instant matter pursuant to  28 U.S.C. §1331.  Defendant denies liability under any of the aforementioned statutes.  Except as specifically admitted, Defendant denies each and every remaining allegation contained in Paragraph 6.**

7. Defendant between April and November 2006 intentionally discriminated against Plaintiff in her employment based on her race, color, sex and disability --- then retaliated against Plaintiff for having complained to her supervisors about the discriminatory treatment, as set forth in detail in the four page Rider #1 to Plaintiff's EEOC Charge, which is attached to this Complaint as an Exhibit and incorporated here by reference.

**ANSWER: Defendant denies each and every allegation contained in Paragraph 7. Defendant denies each and every allegation Plaintiff has incorporated by reference in Paragraph 7.**

8. Defendant's conduct toward Plaintiff has proximately caused damages to Plaintiff.

**ANSWER: Defendant denies each and every allegation contained in Paragraph 8.**

## AFFIRMATIVE AND ADDITIONAL DEFENSES

**First Defense**: Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

**Second Defense**: All actions by Graymills with regard to Plaintiff were lawful and made in good faith compliance with applicable provisions of federal, state, and local laws, rules and regulations, and were not based upon any unlawful consideration or otherwise the result of any unlawful motive.

**Third Defense**: Plaintiff's claims are barred, in whole or in part, because Graymills acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by it at the time it so acted.

**Fourth Defense**: Graymills exercised reasonable care to prevent and correct promptly any alleged discrimination and harassment in the workplace and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Graymills or to avoid the alleged harm otherwise.

**Fifth Defense**: To the extent that Plaintiff asserts claims outside the scope of her charge of discrimination, she has failed to exhaust administrative remedies with respect to those claims.

**Sixth Defense:** Plaintiff's claims are time-barred, in whole or in part, to the extent that Plaintiff failed to file a charge of discrimination within 300 days of the discriminatory conduct alleged.

**Seventh Defense:** To the extent it may later be determined that any person committed unlawful acts alleged in the Complaint, which is expressly denied, such acts were committed without the knowledge of Graymills and without Graymills' authorization, ratification or notification, and to the extent that such persons were employees of Graymills, such acts were outside the scope of any employee's duties with Graymills. Accordingly, Graymills is not liable

3

under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of any such persons.

**Eighth Defense:** To the extent that Plaintiff has failed to diligently search for other employment since her employment with Graymills ended, her claim for damages is barred, in whole or in part, by her failure to mitigate damages.

**Ninth Defense:** To the extent that Plaintiff is awarded damages, such damages should be reduced by any interim earnings received from any source, such as unemployment compensation awards, workers' compensation benefits or other payments made to her.

**Tenth Defense**: To the extent that Plaintiff is seeking punitive damages, those claims are barred because Graymills did not engage in a discriminatory practice with malice or with reckless indifference toward Plaintiff, and exercised reasonable care and good faith efforts to prevent retaliation or workplace discrimination or harassment in accordance with applicable laws.

**Eleventh Defense:** Any emotional pain, suffering, humiliation, embarrassment or other distress allegedly suffered by Plaintiff was cause by external factors and not by Graymills' conduct.

**Twelfth Defense:** Plaintiff's claim for damages is barred, in whole or in part, to the extent that she engaged in conduct for which Graymills would have terminated her employment had Graymills learned of her conduct during her employment.

**Thirteenth Defense:** Plaintiff did not have a "disability" as that term is defined by the Americans with Disabilities Act.

**Fourteenth Defense:** Graymills was not aware that Plaintiff allegedly had a "disability" as that term is defined by the Americans with Disability Act.

**Fifteenth Defense:**  Plaintiff's retaliation claim is barred because she never engaged in any protected activity or opposed any practices that she reasonably believed to be unlawful under state or federal law.

**Sixteenth Defense:**  Plaintiff's retaliation claim is barred because Graymills did not have any knowledge that Plaintiff allegedly had either engaged in any protected activity or opposed any practices that she believed to be unlawful.

**Seventeenth Defense:**  Graymills has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Graymills reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate.

WHEREFORE, Defendant Graymills Corporation respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in Defendant's favor, and that defendant be awarded its costs and fees and any other relief as the Court may deem just and proper.

Date:  August 19, 2008                                   Respectfully submitted,

                                                         GRAYMILLS CORPORATION


                                                             s/ Dawn Cutlan Stetter
                                                         One of Its Attorneys

Joel H. Spitz
Dawn Cutlan Stetter
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, Illinois 60601
Phone:(312) 849-8100
Fax:(312) 849-3690

5

## **CERTIFICATE OF SERVICE**

I, Dawn Cutlan Stetter, an attorney, hereby certify that on August 19, 2008, I caused a copy of the foregoing *ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF EMPLOYMENT DISCRIMINATION* to be served by e-mail through this Court's CM/ECF filing system and regular mail, postage prepaid, upon the following:

>William B. Thompson
>Attorney at Law
>P.O. Box 584
>Wheaton, IL  60189


          /s Dawn Cutlan Stetter

\6495563.1

6